```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ELVIN GENAO,<br><br>                      Plaintiff,<br><br>-against-<br><br>FED EX (COURIER),<br><br>                      Defendant. | 18-CV-12036 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, styles this action as a criminal complaint. He would like to bring criminal charges against Defendant "Fed ex (courier)." By order dated March 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action, styled as a criminal complaint, seeking criminal charges against Defendant "Fed ex (courier)" based on Defendant's conduct while delivering a package to Plaintiff's residence. Plaintiff asserts that when the courier delivered the package, he "brought someone [in]to my apartment that I didn't know for no reason, and its not part of his job description to be accompanied by another individual." (Compl. at 3.) He states that he is "filing a complaint and a lawsuit for 2nd degree harassment without provocation against fed ex (courier)." (*Id.*)

**DISCUSSION**

Plaintiff cannot initiate the arrest and prosecution of any other individual in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 17, 2019
       New York, New York

                                              COLLEEN McMAHON
                                          Chief United States District Judge